UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JIANHONG HU ALLBRIGHT,<br><br>    Defendant. | Case No. 25-cr-40002-JPG-001 |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on a variety of motions.

### I.   **Motion for Hearing (Doc. 60)**

In this sealed motion, the Government requests a hearing regarding counsel for defendant Jianhong Hu Allbright.  It is concerned that Margaret J. Lowery, an attorney who has not appeared in this case and is not actively admitted to practice in the Southern District of Illinois, is attempting to function as Allbright's counsel.  The Court **DENIES** the motion for a hearing (Doc. 60).  There is no need for a hearing to determine whether Lowery is Allbright's counsel in this case; she is not.  Ronald David Wilkinson is the only counsel who has entered an appearance for Allbright, so only he is her counsel as far as the Court is concerned.  Unless and until Lowery enters her appearance in this case—and the Court then addresses her capacity to do so—she is not Allbright's attorney.

### II.   **Motions to Strike/Deny the Government's Motion for a Hearing (Docs. 64 & 73)**

The Court **DENIES** these motions (Docs. 64 & 73) **as moot** in light of the Court's denial of the Government's motion for a hearing.

### III.   **Motion to Sever (Doc. 65)**

The Government shall have 30 days from entry of this order to respond to Allbright's

motion to sever (Doc. 65).

**IV.    Motion for Certification of Compliance with Discovery Rules and *Brady* (Doc. 66)**

The Government shall have 7 days from entry of this order to respond to Allbright's motion for certification of compliance with discovery rules and with *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 155 (1972), and their progeny (Doc. 66).  The Government's need not comply with the specific certifications Allbright requests, but it should otherwise respond to the demand for such certifications.  The Court notes that, where the Government makes assurances it will comply with *Brady* and *Giglio*, the Court will deem those assurances sufficient to establish compliance absent evidence otherwise.  *See Strickler v. Greene*, 527 U.S. 263, 283 n. 23 (1999).

**V.    Motion for Expert to Testify Remotely (Doc. 74)**

The Court **GRANTS** the motion for Allbright's expert, Dr. Bruce C. Anderson, to testify remotely at the bond hearing set for January 29, 2026 (Doc. 74).  His testimony, however, shall be subject to Allbright's establishing the relevance of his opinions to the issues in the hearing. Counsel shall communicate with Courtroom Deputy Tina Gray regarding setting up remote access.

As for Lowery, since she has not entered an appearance for Allbright, she may not participate in the hearing.  However, she is free to attend the hearing at her own expense just like any other member of the public.

**IT IS SO ORDERED.**
**DATED:  January 15, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**