UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

        Plaintiff,

    v.

JIANHONG HU ALLBRIGHT,

        Defendant.

Case No. 25-cr-40002-JPG-001

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Jianhong Hu Allbright's motion to sever her case from that of her codefendant Yalong Cao (Doc. 65) and motion to dismiss her case pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A) and 12(b)(3)(B)(v) (Doc. 82). The Government has responded to the motions (Docs. 92 & 89, respectively), and Allbright has replied to those responses (Docs. 94 & 93, respectively). The Court addresses the motion to dismiss first, then the motion to sever.

The grand jury returned an Indictment (Doc. 7) against Allbright in February 2025 and a Superseding Indictment (Doc. 27) in June 2025 adding Cao.[1] In Count 1 of the Superseding Indictment, the Grand Jury charges that Allbright and Cao conspired to commit an offense against the United States in violation of 18 U.S.C. § 371, specifically, using a facility of interstate commerce intending to promote and carry on an unlawful activity in violation of 18 U.S.C. § 1952(a)(3), that activity being illicit massage parlors that conducted a prostitution business enterprise in violation of Illinois law.

Count 2 charges that Allbright and Cao conspired to conduct financial transactions to

---

[1] The Court's initial description of the criminal charges is paraphrased. The specific language will be quoted later as necessary.

disguise the source of proceeds from the unlawful activity in Count 1 in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (commonly called money laundering) and (h) (conspiracy liability for money laundering).

Count 3 charges Allbright alone with transporting a victim across state lines intending for the victim to engage in prostitution in violation of 18 U.S.C. §§ 2421 (commonly called human trafficking) and 2 (aiding and abetting liability).

## I.    Motion to Dismiss

### A.    Defendant's Position

Allbright asks the Court to dismiss the case against her because the Court lacks subject matter jurisdiction and the Superseding Indictment fails to state a claim (Docs. 82 & 83).

She claims the evidence that existed on the charging date was—and remains—insufficient to prove the crimes charged, that this is a due process violation, and that the Court should therefore dismiss the Superseding Indictment. Her expert forensic examiner, Bruce C. Anderson, has concluded that "the materials [he has] reviewed do not support the key factual claims" on which the Superseding Indictment relies. Def.'s Mem. Ex. (Doc. 82-1). Allbright argues the evidence does not support the elements of "the interstate commerce nexus, intent to promote unlawful activity, or coercive transportation." Def.'s Mem. 10 (Doc. 83).

Specifically, Allbright asserts a lack of evidence that those working in the alleged illicit massage business were subject to coercion, force, fraud, or involuntary servitude rather than having voluntary sex with business patrons. She further asserts a lack of evidence of "coerced transportation, organized interstate movement, or substantial economic impact on commerce." Def.'s Mot. 5. Finally, she asserts a lack of evidence of any activity that substantially affects interstate commerce, which she claims places the charges against Allbright "beyond the scope of

federal jurisdiction under the Commerce Clause," Def.'s Mot. 3.

She also argues that the Superseding Indictment is deficient because it fails to state an offense.  From all this, Allbright concludes that the Court must dismiss the Superseding Indictment with prejudice for lack of jurisdiction.

B.      Government's Position

In response (Doc. 89), the Government focuses on the Superseding Indictment's allegations of the elements of the three charged offenses, including the links to interstate commerce.  It notes that Count 1 alleges that the defendants used "facilities in interstate and foreign commerce to post online advertisements for [the illicit massage parlors] and to process and transfer funds derived from the [illicit massage parlors]," including the Internet and at least two websites.  Sup. Ind. 2 ¶ 2; *id.* 4-5 ¶ 9.  Further, the Government argues, coercion, force, fraud, or involuntary servitude are not elements required to prove Count 1.

With respect to Count 2's link to interstate commerce, the Government points out that the Superseding Indictment alleges conspiracy to money launder by the use of banks to conceal proceeds of the conspiracy charged in Count 1, and banks are recognized facilities of interstate commerce.

With respect to Count 3, the Government notes that knowingly transporting a person in interstate commerce intending that they work as a prostitute is expressly alleged in the Superseding Indictment and states an adequate connection to interstate commerce.

Finally, the Government argues that whether its evidence is sufficient to prove the offenses charged were sufficiently connected to interstate commerce is a question for the jury.  It denies that this prosecution violates any of Allbright's due process rights.

C.    Analysis

Allbright cites Rule 12(b)(3)(A) and (b)(3)(B)(v) as the basis for her motion.

Rule 12(b)(3)(A) allows a defendant to file a pretrial motion challenging "a defect in instituting the prosecution."  Allbright does not cite any of the enumerated defects but instead asserts a lack of evidence to support the charges in the Superseding Indictment.  Her assertions are unsupported by any suggestion of prosecutorial misconduct (in fact, she disclaims any lack of diligence, candor, or professionalism by the Government).  *See United States v. Williams*, 504 U.S. 36, 46 (1992) (nothing Court's "supervisory power can be used to dismiss an indictment because of misconduct before the grand jury").  Essentially, she asks the Court to find the grand jury was just wrong in its finding of probable cause to bring the charges.

In our judicial system, the grand jury performs "the dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions."  *Branzburg v. Hayes*, 408 U.S. 665, 686-87 (1972); *accord United States v. Doe Corp.*, 59 F.4th 301, 304 (7th Cir. 2023).  To achieve these functions, it can investigate potential wrongdoing and can return a criminal indictment if it finds such wrongdoing.  *Doe Corp.*, 59 F.4th at 304.  "[A]n indictment fair upon its face, and returned by a properly constituted grand jury . . . conclusively determines the existence of probable cause to believe the defendant perpetrated the offense alleged."  *Kaley v. United States*, 571 U.S. 320, 328 (2014) (internal quotation marks omitted).  "A defendant has no right to judicial review of a grand jury's determination of probable cause to think a defendant committed a crime."  *Id.* at 333; *accord United States v. Schreiber*, 866 F.3d 776, 780 (7th Cir. 2017).  Thus, in the absence of any wrongdoing by the Government, it is not the Court's role to substitute its judgment for the grand jury's.  To the extent Allbright's motion asserts the grand jury viewed the evidence

incorrectly, the motion to dismiss the Superseding Indictment is denied.

Allbright also cites Rule 12(b)(3)(B)(v), which allows a defendant to file a pretrial motion challenging "a defect in the indictment. . . including. . . failure to state an offense."  A motion to dismiss a criminal indictment is directed to the validity of the indictment, not the sufficiency of the evidence, which is a matter for the jury.  *See United States v. Yasak*, 884 F.2d 996, 1001 (7th Cir. 1989); *see United States v. Kovach*, 208 F.3d 1215, 1219-20 (10th Cir. 2000) (noting District Court held Government's ability to prove interstate commerce element was a question for the jury).

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. . . ." Fed. R. Crim. P. 7(c)(1).  "An indictment is legally sufficient if it (1) states all the elements of the crime charged; (2) adequately informs the defendant of the nature of the charges so that he may prepare a defense; and (3) allows the defendant to plead the judgment as a bar to any future prosecutions." *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010) (*per curiam*) (citing Fed. R. Civ. P. 7(c)(1)).  When the Court considers a motion to dismiss, it review only the face of the indictment, not the strength or weakness of the Government's case.  *White*, 610 F.3d at 958.

In her reply brief, Allbright disclaims a facial challenge to the Superseding Indictment. Rightly so, for as the Government shows in its response, it has sufficiently alleged the elements of each offense charged, including the use of facilities and channels of interstate commerce to establish the required federal jurisdiction.

Specifically, Count 1 alleges the defendants used the Internet and commercial banks as part of the manner and means of carrying out the conspiracy.  The Internet is a facility of interstate commerce, and its use in the commission of a crime can satisfy the jurisdictional

interstate commerce requirement. *United States v. Chaparro*, 956 F.3d 462, 470 (7th Cir. 2020).

This is because it "crosses state and indeed international boundaries." *United States v. Horne*,

474 F.3d 1004, 1006 (7th Cir. 2007).  Likewise, federally-insured banks are also facilities of

interstate commerce the use of which is sufficient to prove the interstate commerce requirement.

*United States v. Lee*, 439 F.3d 381, 386 (7th Cir. 2006).  Similarly, the attempts to disguise the

proceeds from the crime charged in Count 1 are alleged to have involved transactions using

commercial banks.  Count 2, as alleged, also satisfies the jurisdictional element.  Whether there

is sufficient evidence to prove Allbright and Cao used the Internet and commercial banks to

commit the offenses charged in Counts 1 and 2 is a question for the jury.  It is enough for now

that the Superseding Indictment alleged they did.

And finally, as for Count 3, the Court cannot imagine a plainer allegation supporting the

element of interstate commerce than transporting a victim across state lines for the purpose that

they engage in illegal activity.

Contrary to Allbright's claims, neither coercion, force, fraud, involuntary servitude,

coerced transportation, nor organized interstate movement are elements of any of the crimes

charged.  To the extent Allbright challenges Congress's power to enact the legislation Allbright

is charged with violating, those statutes fall well within Congress's authority.

> Congress may regulate under its commerce power in three broad categories.  First, it may regulate the use of the channels of interstate commerce.  Second, Congress may regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities.  Third, Congress may regulate those activities having a substantial relation to interstate commerce—those activities that substantially affect interstate commerce.

*United States v. Wilson*, 73 F.3d 675, 679 (7th Cir. 1995).  As noted above and as

applicable to this case, 18 U.S.C. § 1952(a)(3) and 18 U.S.C. § 1956(a)(1)(B)(i) regulate

instrumentalities of interstate commerce and 18 U.S.C. § 2421 regulates persons in and channels of interstate commerce. They are within Congress's power under the Commerce Clause.

In sum, the Court cannot review the grand jury's conclusive finding of probable cause represented in the Superseding Indictment. Whether there is sufficient evidence ultimately to prove the offenses charged, including a connection to interstate commerce, is a question for the jury at trial. For now, the Superseding Indictment sufficiently alleges crimes Congress was permitted to legislate and over which this Court has jurisdiction.

## II.     Motion to Sever

### A.     Defendant's Position

Allbright asks the Court to sever her trial from that of her codefendant Cao pursuant to Federal Rule of Criminal Procedure 14(a) (Doc. 65). She claims that if the defendants are tried together, she will suffer prejudice that cannot be cured by limiting instructions. She faults the Government for turning to questions of her representation rather than concentrating on the merits of the case, which she claims overcomes the judicial economy in trying codefendants together. She further cites the risk of prejudicial spillover from the case against Cao, including from financial records linking him to certain financial institutions and payments and spillover from the Government's theory that he was the "kingpin" of the unlawful conduct. She also cites potential antagonistic defenses where she may argue she was a lesser, or even coerced, participant. In her reply, she adds that the alleged fatal flaws she asserts in her motion to dismiss warrant severance. Finally, she claims Cao's late addition to this case in the Superseding Indictment hampers her ability to address issues, which has impaired her due process rights.

7

B.      Government's Response

In response (Doc. 92), the Government points to the preference for joining in a single trial defendants who are indicted together, especially those alleged to be coconspirators. This policy is efficient, is more convenient to witnesses, avoids delays in conducting trials, allows the entire story to be told to a single jury, and reduces the chance of inconsistent verdicts. It argues that Allbright has not pointed to any actual prejudice other than an increased chance of acquittal in a separate trial, and that the Court can use its discretion to craft limiting instructions to cure any prejudice. It notes that Allbright has not pointed to any specific trial right that would be compromised by a joint trial.

C.      Analysis

Federal Rule of Criminal Procedure 8(b) provides, in pertinent part, "The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." There is a preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials promote efficiency and go far to prevent the scandal and inequity of inconsistent verdicts among co-defendants. *Id.*

However, Federal Rule of Criminal Procedure 14(a) provides, "If the joinder of . . . defendants in an indictment . . . or a consolidation for trial appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires." Working together, "Rules 8(b) and 14 are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.'" *Zafiro*, 506 U.S. at 540 (quoting *Bruton v. United States*, 391 U.S. 123, 131 n. 6 (1968) (internal quotations

omitted)).

A court should grant severance under Rule 14(a) only if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Rule 14(a) leaves the determination of risk of prejudice from a joint trial and any remedy that may be necessary to the sound discretion of the district court. *Id.* A defendant is not entitled to a separate trial simply because she might have a better chance of acquittal if tried alone. *Id.* at 540. Serious risks that may warrant severance occur, for example, when (1) many defendants are tried together and have markedly different degrees of culpability, (2) evidence admissible only against a codefendant may be inadvertently or erroneously considered by the jury against the defendant, or (3) exculpatory evidence is unavailable to a defendant if tried with codefendants. *Id.* at 539. Mutually antagonistic theories of defense do not *per se* pose a risk of unfair prejudice that requires severance. *Id.* at 538. Furthermore, many times any potential prejudice to a defendant may be avoided by limiting instructions to the jury, thereby avoiding the need for severance. *Id.* at 539.

Allbright does not contest that she and Cao are properly joined in the Superseding Indictment under Rule 8(b). The Superseding Indictment charges them with conspiring with each other to using facilities of interstate commerce to conduct and conceal a prostitution enterprise. She argues that the Court should sever the defendants pursuant to Rule 14(a). However, she has not convinced the Court that the codefendants' degrees of culpability are markedly different, that any harmful evidence exists that is admissible against Cao but not her, or that any exculpatory evidence is unavailable to her in a trial with Cao. The spillover from Cao's greater culpability (in her opinion) and antagonistic defenses is speculative and could likely be

9

cured by limiting or corrective instructions.  In sum, she has not shown that a joint trial would compromise a specific trial right of hers, would prevent the jury from making a reliable judgment about her guilt or innocence, or would overcome the preference for a joint trial of coconspirators.

The Court turns to other specific arguments to tie up loose ends.  The Court presumes the motion to which Allbright refers in her motion to sever is the Government's motion for a hearing to determine the status of Margaret J. Lowery, an attorney who was attempting to participate in this case but who does not represent Allbright in this matter (Doc. 60).  That motion is a non-issue.  The Court has ruled on the motion.  It has no bearing on Allbright's legal defenses, and the Court is confident the Government will not bring up Allbright's past representation issues before the jury at trial.

As for the issues Allbright raises in her motion to dismiss, those issues have been resolved as well earlier in this order and will not preclude a fair, joint trial of both defendants in this case.  The grand jury has made its decision based on the evidence before it, and now the petit jury will too.  The trial jury will be instructed to consider each defendant and each count separately, and in the absence of any overwhelming possibility that it would be unable to do so, the Court presumes it will obey those instructions.  *See United States v. Garvey*, 693 F.3d 722, 726 (7th Cir. 2012); *United States v. Smith*, 308 F.3d 726, 739 (7th Cir. 2002) (citing *Richardson v. Marsh,* 481 U.S. 200, 207-08 (1987)).  Allbright has not pointed to any circumstances that would pose a serious risk that the jury would not obey the Court's instructions.  Further, Allbright may object should any evidence be offered at trial that would warrant an instruction to limit its consideration to only Cao.

To the extent Allbright believes she cannot receive a fair trial because Cao was added to the case six months later than she was, the Court is, and has been, willing to entertain any

10

reasonable motion for an extension of time to allow Allbright the additional time she needs to assert her rights.  Indeed, it has already continued the trial numerous times at her request.  She has not pointed to any due process violation she will suffer from a joint trial with Cao.

### III.    Conclusion

For the foregoing reasons, the Court **DENIES** Allbright's motion to dismiss (Doc. 82); and motion to sever (Doc. 65).

The time these motions were pending—from December 12, 2025, for the motion to sever and February 20, 2026, for the motion to dismiss—to today, when the Court promptly disposed of them a reasonable period of time after the motions were fully briefed and the Court took them under advisement, is **EXCLUDABLE** under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D).

**IT IS SO ORDERED.**
**DATED:  April 13, 2026**

**J. PHIL GILBERT**
**DISTRICT JUDGE**

11