UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

　　　　Plaintiff,

　　v.

JIANHONG HU ALLBRIGHT,

　　　　Defendant.

Case No. 25-cr-40002-JPG-001

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Jianhong Hu Allbright's motion for disclosure of grand jury materials pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) (Doc. 98) and motion for additional pretrial discovery and disclosures (Doc. 99).

As a preliminary matter, the Court notes that there is no general constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *see Gray v. Netherland*, 518 U.S. 152, 168 (1996). However, Rule 16 of the Federal Rules of Criminal Procedure and constitutional due process regarding exculpatory material allow criminal defendants limited access to information regarding the Government's case.

The pretrial discovery order (Doc. 17) orders the parties to comply with those rules. It further instructs the parties to attempt to resolve discovery disputes without recourse to the Court. If the parties have tried to resolve their disputes and have been unable to do so, the Court allows them to file a motion for discovery. Any motion filed must contain a statement that a discovery conference was held and that agreement could not be reached concerning the discovery or inspection that is the subject of the motion. Allbright has not included the required statement in her motions, so both motions are subject to dismissal for that reason. Even if Allbright had complied with the pretrial discovery order, the Court would deny her motions for

the following reasons.

**I.     Grand Jury Material (Doc. 98)**

Allbright seeks discovery of grand jury transcripts and exhibits under Rule 6(e)(3)(E)(ii), which permits disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Civ. P. 6(e)(3)(E)(ii). Allbright believes such grounds exist because the Government, after promising Allbright it would do so, has not disclosed an agreement between her and her codefendant Yalong Cao, which is necessary to support the charges in Counts 1 and 2 of the Superseding Indictment. She suggests these circumstances indicate that the Government made a materially misleading representation to the grand jury that evidence of an agreement existed and would later be produced.

Allbright is not entitled to production of the grand jury materials she seeks. For centuries, grand jury proceedings have been kept secret. *In re EyeCare Physicians of Am.*, 100 F.3d 514, 518 (7th Cir. 1996). The need for secrecy of grand jury proceedings is well documented in federal cases:

> We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. In particular, we have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424 (1983) (quoting *Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 218-19 (1979)). In light of these concerns, Rule 6(e)(3)(E) requires a

strong showing of particularized and compelling need for grand jury materials before any disclosure will be permitted.  *United States v. Campbell*, 294 F.3d 824, 827 (7th Cir. 2002) (*per curiam*); *EyeCare Physicians*, 100 F.3d at 518; *United States v. Puglia*, 8 F.3d 478, 480 (7th Cir. 1993); *Lucas v. Turner*, 725 F.2d 1095, 1101 (7th Cir. 1984); *Sells Eng'g*, 463 U.S. at 443. "'Parties seeking grand jury transcripts . . . must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'"  *EyeCare Physicians*, 100 F.3d at 518 (quoting *Douglas Oil*, 441 U.S. at 222).

Allbright has not made the strong showing of particularized and compelling need to justify deviation from the normal secrecy of grand jury proceedings.  In fact, she states nothing suggesting any ground to believe there was any impropriety before the grand jury that would warrant dismissal of the indictment.  She reasons that there must have been an impropriety for the grand jury to have returned an indictment based on what she believes is insufficient evidence. She is really on a fishing expedition.  And as the Court told Allbright in denying her motion to dismiss, the grand jury's assessment that the evidence supports probable cause to believe a conspiracy existed is not subject to judicial review unless there was some irregularity in the grand jury proceeding, *Kaley v. United States*, 571 U.S. 320, 328 (2014); *United States v. Williams*, 504 U.S. 36, 46 (1992), and Allbright has not shown that a ground may exist to believe any such irregularity occurred.  She has not made the strong showing of compelling and particularized need to justify deviation from the normal secrecy of grand jury proceedings.  If she believes the Government's evidence does not show an agreement, she may argue that to the jury at trial.

**II.    Motion for Additional Pretrial Discovery and Disclosures (Doc. 99)**

Allbright seeks production of any discovery not yet produced and a certification of whether such materials exist.  To the extent that she requests material required to be produced pursuant to Rule 16, the requests are moot in light of the Government's open-file policy and absent an indication that the Government is not complying with that rule.  To the extent that the defendant requests material required to be produced by *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972), the Government has been ordered to comply with and has acknowledged its continuing obligations under those cases.  It has been repeatedly held that where the Government has made assurances it will comply with *Giglio* and *Brady*, those assurances are sufficient.  *See Strickler v. Greene*, 527 U.S. 263, 283 n. 23 (1999); *see, e.g.*, *United States v. Alex*, 791 F. Supp. 723, 729 (N.D. Ill. 1992).  To the extent that the defendant requests information beyond that required to be produced under Rule 16, *Brady*, or *Giglio*, the request is overbroad and would be denied.  Further, to the extent she requests the Government certify complete production, that request was addressed and rejected earlier in the Court's January 22, 2026, order (Doc. 77).

Allbright also asks the Court to set a deadline for production of *Brady/Giglio* material; notice of intent to offer material pursuant to Federal Rule of Evidence 404(b); notice of summaries, demonstrative exhibits, charts, and underlying records pursuant to Federal Rule of Evidence 1006; notice of translations, transcripts, or transcript aids for foreign language communications; and notice of certifications under Federal Rule of Evidence 902(11), (13), or (14).  In the absence of any assertion that Allbright has conferred with the Government about a schedule to give required notices or that Government has failed to give a required notice in a timely manner, the Court declines to set notice deadlines.  The Court reminds the Government,

4

however, that it must give the notices required by the Federal Rules of Evidence.

## III.    Conclusion

For all of these reasons, the Court **DENIES** Allbright's motion for disclosure of grand jury materials (Doc. 98) and **DENIES** Allbright's motion for additional pretrial discovery and disclosures (Doc. 99).  Trial will begin May 18, 2026, as scheduled.

**IT IS SO ORDERED.**
**DATED:  April 16, 2026**

**J. PHIL GILBERT**
**DISTRICT JUDGE**